UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MUHAMMAD M. UMAR,

        Plaintiff,

  v.                                                                                 Case No. 18-C-64

OLIVIA A. MORZENTI, et al.,

        Defendants.

## ORDER OF DISMISSAL

Plaintiff Muhammad Umar, who is representing himself, filed a complaint against his ex-wife and the Green Bay Area Public School District, alleging a series of violations arising from their treatment of his son. Umar has paid the $400 filing fee. Payment of the full filing fee, however, is not a license to proceed with a case that has no merit on its face. District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service (as Hoskins did)."). Although a district court should proceed cautiously so as to avoid improperly dismissing a complaint that does in fact state a claim, utilizing such authority is an essential tool for protecting individuals, businesses, and government bodies from harassment, inconvenience, and the costs of hiring an attorney to respond to frivolous lawsuits. Use of such authority is especially appropriate in a case such as this where a *pro se* litigant is suing his ex-wife and a school district for acts that seem far afield from federal constitutional or statutory provisions.

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts in detail and his statements need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). With these standards in mind, I now turn to the allegations of the complaint.

## BACKGROUND

At the time he filed his complaint, Umar had joint custody over his son, A.U. Morzenti, Umar's ex-wife, took A.U. to doctors, where he was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD) and prescribed methylphenidate (which is the generic name for Ritalin). Umar's ex-wife gave A.U. the methylphenidate during the days of the week that A.U. resided with her. Umar alleges that Morzenti was negligent in violating the joint custody agreement, allowing A.U. to take methylphenidate, not getting a second diagnosis of A.U., and not allowing him to participate

2

in the medical treatment of his son. Umar also alleges the Green Bay Area Public School District failed to consult him on disciplinary issues, separated his child from other students, falsely labeled A.U.'s primary language as "Arabic," falsely enrolled A.U. in English Language Learning programs, recommended a prescription of Retalin, and failed to act in a neutral manner in disputes between Morzenti and Umar.

Umar has filed this complaint alleging a number of legal theories. First, he alleges the defendants acted negligently in a variety of ways. Second, he alleges Morzenti deprived him of his rights under the color of law by disobeying the joint custody agreement. Third, Umar alleges the School District violated the federal prohibition on mandatory medication, pursuant to 20 U.S.C. § 1412 by recommending and referring the child for a psycho-educational assessment.[1] Fourth, Umar attempts to bring a False Claims Act cause of action against Morzenti for making false claims against him and preventing him from partaking in A.U.'s medical treatment. Fifth, Umar brings a claim that the School District and Morzenti conspired and colluded to undermine his custody capacity in violation of 18 U.S.C. § 241. Sixth, Umar alleges the School District discriminated against A.U., because Umar once witnessed A.U. seated separately from his class and by failing to correct A.U.'s language classification, pursuant to 20 U.S.C. § 1232g. Seventh, Umar alleges Morzenti and the School District caused intentional infliction of emotional distress.[2]

---

[1] Although Umar does not list A.U. as a plaintiff, the court reads his complaint liberally and finds that he is asserting such claims on behalf of his son, who cannot legally bring them on his own behalf.

[2] To the extent that Umar cites other statutes and case law as legal support, the court finds that these citations are meritless and inapplicable to the matter at hand. The court will not address them further.

3

**DISCUSSION**

**A. Legally Insufficient Claims**

Although he cites several federal statutes and significant legalese, several of Umar's claims are legally insufficient because the statutes do not create a federal private right to relief. Umar alleges Morzenti and the School District conspired to violate his rights; however, conspiracy to violate rights, in violation of 18 U.S.C. § 241, is a criminal statute and does not create a private right of action for Umar to sue under. *See Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).

Umar's attempt to assert a claim under the False Claims Act likewise fails. Claims for violations of the False Claims Act may only be brought by private actors on behalf of the federal government in a *qui tam* action. 31 U.S.C. § 3730. A *qui tam* action is a claim brought "in the name of the Government." The federal government has no monetary interest in Umar's dispute with his wife and the School District, and Umar is not not seeking to bring this claim on behalf of the government; rather he appears to bring the claim because he is upset at the medical treatment Morzenti has sought for their son, which is paid for through Badger Care. In short, Umar has failed to state a claim under the False Claims Act. *See Horde v. Elliot*, No. 17-cv-800, 2018 WL 987683, at *14 (D. Minn. Jan. 9, 2018) ("In other words, Horde cannot bring a private cause of action under the False Claims Act unless he brought those claims 'in the name of the Government.' He has not done so here, and the Court cannot create a new private cause of action absent Congressional intent.").

Umar also alleges Morzenti violated 42 U.S.C. § 1983 by disobeying their joint custody agreement. Section 1983 imposes civil liability on any person who, under color of state law,

4

"subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The purpose of § 1983 is "to provide compensatory relief to those deprived of their federal rights by state actors." *Felder v. Casey*, 487 U.S. 131, 141 (1988). Morzenti is a private actor and Umar has alleged no facts to show that Morzenti was operating under state law. Thus, Umar cannot bring such a claim against Morzenti.

Umar also alleges A.U.'s school records incorrectly listed his first language as Arabic and did not correct it, in violation of the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232(g); however, there is no private right of action under FERPA. *See, e.g.*, *Slovinec v. DePaul Univ.*, 222 F. Supp. 2d 1058, 1060–61 (N.D. Ill. 2002).

Umar's claims for conspiracy to violate rights, the False Claims Act, § 1983, and FERPA are based on obvious misunderstandings of the law. No amendment could cure these defects and thus they are dismissed with prejudice without leave to amend.

**B. Insufficiently Pled Claims**

Umar has failed to allege facts that sufficiently state a claim under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq*. Umar is correct in his assertion that 20 U.S.C. § 1412(a)(25) forbids State and local educational facilities from requiring that a child obtain a prescription for a substance covered by the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., as a condition of attending school. However, Umar alleges no facts that the School District required A.U. to obtain a prescription. Umar alleges only that the school recommended and referred A.U. for psycho-educational assessment. This is insufficient to state a claim that the school district

5

violated 20 U.S.C. § 1412(a)(25). Additionally, IDEA establishes specific administrative procedures that must be followed when raising a complaint. 20 U.S.C. § 1415. Although Umar alleges that he demanded mediation with the School District, he alleges no other facts to indicate whether he followed the administrative process, as dictated by statute.

Umar also alleges the School District discriminated against his son based on race, color, and national origin, in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. However, Umar fails to plead these allegations with enough specificity to give notice to defendants about what actions or inactions Umar is alleging discriminated against his son. Umar alleges that "on or about the summer of 2016 in Baird Elementary School, I witness firsthand the child was seated separately from the class and was subjected to seclusion which was blatant discrimination of his civil rights." ECF No. 1 at 15. However, Umar alleges no facts to support any sort of discrimination. Umar never alleges what his son, or his, race, color, or national origin is. Moreover, read with the entirety of the complaint, which discusses A.U.'s behavioral problems at school, Umar has alleged no facts to support that A.U. was seated separately from his class because of race, color, or national origin, rather than because of his behavioral issues.

Umar also claims that A.U. should not have been enrolled in English Language Learners classes or had his first language listed as "Arabic." However, Umar alleges no facts about how this was discrimination or in violation of A.U.'s rights, especially considering that the Equal Educational Opportunities Act of 1974, 20 U.S.C. § 1703(f), requires states to take "appropriate action to overcome language barriers" in schools. Furthermore, Umar does not allege any sort of discriminatory intent or effect that arose by placing his son in ELL. *See generally Teresa P. v.*

*Berkeley Unified Sch. Dist.*, 724 F. Supp. 698, 716 (N.D. Cal. 1989) (explaining that under Title VI either discriminatory intent or discriminatory effect must be proven).

Because Umar has failed to state a claim for discrimination or violation of IDEA, these claims must be dismissed as well. Normally, I would allow leave to amend as to these claims. But in this case, I did not merely dismiss the complaint sua sponte but held a hearing to address whether Umar could state any facts that would state a claim. It is apparent that Umar has no basis for a claim under IDEA. In fact, Umar informed the court that he wanted to amend to allege that his ex-wife and the School District were trespassing on his property. When the court inquired what property they had alleged trespassed upon, Umar offered as evidence a photograph he referred to as Exhibit A. Exhibit A was a photograph of his son. When the court explained that his son was not property under the law, Umar stated he was to him. Umar also expressed his desire to bring his divorce before the court for a jury trial.

Based on the statements made by Umar at the hearing, the court is satisfied that any amendment of Umar's complaint would be futile and only subject his ex-wife and the School District to additional inconvenience, harassment, and attorneys fees. At the previous hearing on the School District's motion to quash his notices of depositions, it became clear that Umar no longer has legal custody of his son under the family court order, and it is that court's rulings that he is actually attacking. This is a misuse of the judicial process.

**C. Umar's Remaining State Claims**

Umar's remaining claims for negligence and intentional infliction of emotional distress, are based on Wisconsin law. As such, the court may only exercise jurisdiction over such claims if Umar

has sufficiently pled a claim over which the court has original jurisdiction. *See* 28 U.S.C. § 1367. Because Umar has not done so, the court cannot exercise supplemental jurisdiction over such claims.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim. The dismissal is with prejudice because the court is satisfied that any amendment of the complaint would be futile. The action as a whole is therefore dismissed and the Clerk is directed to enter judgment of dismissal forthwith.

Dated at Green Bay, Wisconsin this   31st   day of August, 2018.

                                       s/ William C. Griesbach
                                       William C. Griesbach, Chief Judge
                                       United States District Court